IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT D. ORR,<br><br>　　　　Appellant,<br><br>v.<br><br>BROOK CORPORATION BANKRUPTCY<br>ESTATE et al.,<br>　　　　Appellees. | Case No. 16-2273 |
| ROBERT D. ORR,<br><br>　　　　Appellant,<br><br>v.<br><br>BROOK CORPORATION BANKRUPTCY<br>ESTATE, et al.,<br>　　　　Appellees. | Case No. 16-2274 |

## MEMORANDUM AND ORDER

Appellant Robert D. Orr appeals from an order of the bankruptcy court filed April 19, 2016, which sustained the trustee's objection to Claim #924-1. The related bankruptcy appeals are now before the court on identical motions:

- Appellee's Motion to Dismiss Appeal (Doc. 7 in 16-2273 and Doc. 6 in 16-2274);

- Motion to Include Two Additional Documents in the Record on Appeal (Doc. 8 in both cases);

- Motion to File Appendices on or before July 29, 2016 (Doc. 18 in both cases); and

- Appellant's Motion for Leave to File Sur-Reply (Doc. 26 in both cases).

Appellee Christopher J. Redmond, in his capacity as Chapter 7 Trustee of Brooke Corporation, Brooke Capital, Corp. and Brooke Investments, Inc., argues that the appeals should be dismissed

-1-

because appellant lacks standing to bring them.  The court first addresses appellant's motion to file a sur-reply and the motion to dismiss.  Because the court denies the motion to dismiss, the court then addresses the remaining motions relating to the appeal itself.

### I.       Factual Background

In 2008, Brooke Corporation filed a bankruptcy petition under Chapter 11.  The bankruptcy was later converted to a Chapter 7 proceeding and appellee was appointed trustee of the bankruptcy estate.  As part of the bankruptcy proceeding, Brooke Holdings, Inc. filed Claim #924-1 in 2009.  In November of 2013, Brooke Holdings, Inc. filed a notice of transfer of claim under Fed. R. Bankr. P. 3001(e)(2), purporting to transfer Claim #924-1 to appellant (its president and largest shareholder).  No objections to the transfer were filed, and it became effective twenty-one days later.

In 2010, the estate brought an adversary proceeding against multiple defendants—including Brooke Holdings—for claims of preferential transfer (Count I), constructive fraudulent conveyance (Count II), recovery of avoided transfers under § 550 (Count III), disallowance of claim under § 502 (Count IV), and subordination/recharacterization of the claim (Count V).  The bankruptcy court granted summary judgment in favor of the estate and against Brooke Holdings on Counts I–III, finding $5,100,800.00 in preferential transfers, $13,143,980.77 in fraudulent transfers, and that such amounts were recoverable under § 550.  Eventually, the trustee and Brooke Holdings agreed to consolidate Count IV with the claim objection in the main bankruptcy proceeding and to dismiss Count V, and they submitted to the bankruptcy court an Agreed Final Judgment as to Counts I–III confirming the judgment against Brooke Holdings.  The Agreed Final Judgment was entered on January 5, 2016, and was not appealed.

Based on the Agreed Final Judgment, the bankruptcy court entered a memorandum opinion and judgment sustaining the trustee's objection to Claim #924-1.  In doing so, the bankruptcy court found

that because neither Brooke Holdings nor appellant had paid to the estate the final judgment amount and because the Agreed Final Judgment was final and non-appealable, § 502(d) required disallowance of Claim #924-1 in the bankruptcy proceeding.

## II.     Discussion

### A.     Appellant's Motions for Leave to File Sur-Reply

After appellee filed a reply brief to his motion to dismiss, appellant filed a motion for leave to file a sur-reply in both cases, arguing that appellee introduced a new legal argument in his reply brief. The court disagrees that appellee improperly raised new arguments. To the contrary, appellee's arguments properly addressed issues raised in appellant's response brief. The court denies appellant's motions for leave to file a sur-reply.

### B.     Appellee's Motions to Dismiss Appeal

Appellee moves to dismiss these appeals based on lack of standing. The logic behind appellee's argument is this: (1) Appellant cannot challenge the final judgment against Brooke Holdings because it is final and appellant has no standing to do so; (2) Disallowance of Brooke Holdings's Claim #924-1 (which was assigned to appellant) was required based on the final judgment against Brooke Holdings; (3) Because appellant lacks standing to challenge the final judgment against Brooke Holdings, he also lacks standing to challenge the objection to Claim #924-1; and (4) Alternatively, because appellant cannot challenge the final judgment against Brooke Holdings, the assigned claim has no value, so appellant has not suffered an injury in fact.

Appellee's arguments are logical on the surface. But appellant's appeal of the disallowance of Claim #924-1 largely rests on his position that the trustee should not have been allowed to object to the claim. The court understands that appellee believes this argument is foreclosed by collateral estoppel,

-3-

but that argument is better taken up in consideration of the merits of the appeal, rather than appellee's motion to dismiss based on standing.

The court determines that appellant has standing to appeal the disallowance of Claim #924-1. The court rejects appellee's derivative argument that, because appellant cannot challenge the final judgment, he also cannot challenge the objection to Claim #924-1. The court does not believe that lack of standing on the underlying claim automatically equates to lack of standing relating to Claim #924-1. On the other hand, appellee's argument that appellant could not have suffered injury in fact because Claim #924-1 has no value is a closer question for the court. But appellant has raised the question of whether the trustee could have objected to the claim at all. If the court were to resolve this issue in appellant's favor, then appellant may have suffered injury in fact. The court cannot find a lack of standing on this basis. The court will exercise jurisdiction over the appeals.

### C.  Motions to Include Two Additional Documents in the Record on Appeal

Relating to the appeal, appellant seeks leave to include two documents that are not a part of either bankruptcy case. The documents are from another adversary case in the Bankruptcy Court for the District of Kansas. Appellee argues that appellant has not shown that these documents are material to this case, and Fed. R. Bankr. P. 8009(e)(2) only allows supplementation of the record with material items. The court questions the documents' relevance, but to some degree, the relevance depends on whether the court accepts appellee's collateral estoppel arguments. Without making any finding on the materiality of the documents or their relevance to the appeal, the court grants appellant's motions to include additional documents.

### D.  Motions to File Appendices on or before July 29, 2016

Finally, appellant asks the court for permission to file appendices on or before July 29, 2016. Appellant did not file the appendices contemporaneously with his opening brief, as required by Fed.

R. Bankr. P. 8018(b)(1).  But Appellant filed his opening brief early.  Although he filed the brief on July 8, 2016, the due date was July 29, 2016.  Appellee filed his response brief on September 2, 2016.

Given the posture of the case, the court finds no prejudice to appellee resulting from the date the appendices were filed.  They were timely, and the court determines that it would not be appropriate or reasonable to strike them from the record.  Appellant's motions are granted.

**IT IS THEREFORE ORDERED** that Appellant's Motion for Leave to File Sur-Reply (Doc. 26 in both cases) is denied.

**IT IS FURTHER ORDERED** that Appellee's Motion to Dismiss Appeal (Doc. 7 in 16-2273 and Doc. 6 in 16-2274) is denied.

**IT IS FURTHER ORDERED** that appellant's Motion to Include Two Additional Documents in the Record on Appeal (Doc. 8 in both cases) is granted without considering the merits of reviewing the documents in the context of the appeal.

**IT IS FURTHER ORDERED** that appellant's Motion to File Appendices on or before July 29, 2016 (Doc. 18 in both cases) is granted.

Dated this 22nd day of February, 2017, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**