IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT D. ORR,                    )<br>                                           )<br>            Appellant,          )<br>                                           )<br>v.                                       )<br>                                           )<br>BROOKE CORPORATION BANKRUPTCY)<br>ESTATE et al.,                      )<br>            Appellees.         )<br>_____) | Case No. 16-2273 |
| ROBERT D. ORR,                    )<br>                                           )<br>            Appellant,          )<br>                                           )<br>v.                                       )<br>                                           )<br>BROOKE CORPORATION BANKRUPTCY)<br>ESTATE, et al.,                     )<br>            Appellees.         )<br>_____) | Case No. 16-2274 |

## MEMORANDUM AND ORDER

Appellant Robert D. Orr appeals from an order of the bankruptcy court filed April 19, 2016, which sustained Chapter 7 Trustee Christopher J. Redmond's objection to Claim #924-1. For simplicity, this order will refer to the trustee as either the trustee or appellee. The order in both cases identified above was the same, and the appeal documents are identical in both cases. For the following reasons, the court affirms the decision of the bankruptcy court.

I.   FACTUAL BACKGROUND

In 2008, Brooke Corporation filed a bankruptcy petition under Chapter 11. The bankruptcy was later converted to a Chapter 7 proceeding and appellee was appointed trustee of the bankruptcy estate. As part of the bankruptcy proceeding, Brooke Holdings, Inc. filed Claim #924-1 in 2009. In November of 2013, Brooke Holdings, Inc. filed a notice of transfer of claim under Fed. R. Bankr. P.

-1-

3001(e)(2), purporting to transfer Claim #924-1 to appellant (its president and largest shareholder). No objections to the transfer were filed, and it became effective twenty-one days later.

In 2010, the estate brought an adversary proceeding against multiple defendants—including Brooke Holdings—for claims of preferential transfer (Count I), constructive fraudulent conveyance (Count II), recovery of avoided transfers under § 550 (Count III), disallowance of claim under § 502 (Count IV), and subordination/recharacterization of the claim (Count V). In 2014, the bankruptcy court granted summary judgment in favor of the estate and against Brooke Holdings on Counts I–III, finding $5,100,800.00 in preferential transfers, $13,143,980.77 in fraudulent transfers, and that such amounts were recoverable under 11 U.S.C. § 550. Appellant refers to this order as the "preliminary default judgment," as Brooke Holdings did not respond to the summary judgment motion before the court granted the motion. Eventually, the trustee and Brooke Holdings agreed to consolidate Count IV with the claim objection in the main bankruptcy proceeding and to dismiss Count V, and they submitted to the bankruptcy court an Agreed Final Judgment as to Counts I–III confirming the judgment against Brooke Holdings. The Agreed Final Judgment was entered on January 5, 2016, and was not appealed.

Based on the Agreed Final Judgment, the bankruptcy court entered a memorandum opinion and judgment sustaining the trustee's objection to Claim #924-1. In doing so, the bankruptcy court found that because neither Brooke Holdings nor appellant had paid to the estate the final judgment amount and because the Agreed Final Judgment was final and non-appealable, 11 U.S.C. § 502(d) required disallowance of Claim #924-1 in the bankruptcy proceeding.

## II.     LEGAL STANDARDS

When sitting in an appellate capacity, the court has the authority to affirm, reverse, modify, or remand the bankruptcy court's ruling. 28 U.S.C. § 158(a). The question here is whether the

bankruptcy court properly disallowed Claim #924-1.  The court reviews the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  *See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir. 1994).

## III.    ANALYSIS

Appellant asks the court to reverse the decision of the bankruptcy court for several reasons: (1) the trustee lacked the authority to object to Claim #924-1 based on conflicts of interest; (2) the "preliminary default judgment" entered by the bankruptcy court in 2014 should be vacated; (3) the bankruptcy court erred when it ruled that appellant has no future cause of action for relief from the Agreed Final Judgment in the adversary proceeding; (4) the bankruptcy court erred when it failed to stay action on the trustee's claim objection until litigation on the Agreed Final Judgment is completed; and (5) the bankruptcy court effectively allowed appellant to intervene before in litigation regarding the Agreed Final Judgment, so appellant should be allowed to intervene now.  According to appellant, the heart of his position is that the trustee should be disqualified from serving as trustee in "all bankruptcy matters regarding [appellant]" because of conflicts of interest.  (Doc. 30, at 6.)

In deciding this appeal, the court will not independently assess whether the trustee should be disqualified.  The bankruptcy court considered a narrow issue that is the subject of this appeal: whether to disallow Claim #924-1 because the trustee holds an unpaid judgment against Brooke Holdings under § 550.  That answer was—and remains—yes.  There is a judgment against Brooke Holdings under § 550.  That judgment was not paid. Under this factual scenario, disallowance under § 502(d) is mandatory.  *See* 11 U.S.C. § 502(d) ("[T]he court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 544, . . . 547, [or] 548 . . . of this title, unless such entity or transferee has paid the amount . . . for which such entity or transferee is liable under section . . . 550 . . . of this

title."); *In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 430 (2d Cir. 2009) (noting § 502(d)'s "mandatory disallowance of claims."); *In re Associated Vintage Group, Inc.*, 283 B.R. 549, 564 (B.A.P. 9th Cir. 2002) (stating that Section 502(d) "automatically disallows the claim of an entity that has received a [voidable transfer]"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443–44 (S.D.N.Y. 2014) (noting the mandatory nature of § 502(d) disallowance language). None of appellant's arguments require a different result.

First: this court will not consider whether the trustee lacked the authority to object based on conflicts of interest. Appellant is collaterally estopped from raising that issue in this context. *See Stan. Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (identifying the elements for collateral estoppel). In the bankruptcy proceeding, appellant filed a motion to remove the trustee based on alleged conflicts of interest. Appellant had a full and fair opportunity to litigate that issue, and the bankruptcy court disposed of appellant's motion in February 2016—ruling against appellant. The bankruptcy court denied appellant's motion based on undue delay, and entered judgment on the ruling. Appellant did not appeal that ruling, and it is now final. Issues of timeliness may serve as rulings on the merits. *Cf. Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

The court understands that appellant believes appellee is barred from making this argument because appellee did not raise collateral estoppel during the bankruptcy proceedings regarding Claim #924-1. There are two reasons why this argument fails: (1) the written briefing on the objection to Claim #924-1 was completed before the bankruptcy court denied appellant's motion to remove the trustee; and (2) this court may affirm the bankruptcy court on any basis supported by the record. *See*

*In re Hodes*, 402 F.3d 1005, 1011 (10th Cir. 2005) ("We are free to affirm the decision of the district court on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (citation omitted).  Whether the trustee has a conflict of interest that precludes him from further participating in the bankruptcy case has been litigated.  Appellant sought to have the trustee removed too late.  Appellant did not appeal that ruling, and it is now the law of the case.  An argument that the trustee should not have been allowed to object to Claim #924-1, therefore, fails because it is too late to remove and replace the trustee.

Second: there is no basis on which to vacate the "preliminary default judgment."  The bankruptcy court replaced it with the Agreed Final Judgment.  The court need not further address whether the preliminary default judgment should be vacated.

Third: The bankruptcy court did not err when it stated that appellant lacks standing to move to set aside the judgment against Brooke Holdings.  Only Brooke Holdings itself, through counsel, may move to set aside the judgment.  *See W. Steel Erection Co. v. United States*, 424 F.2d 737, 739 (10th Cir. 1970); *cf. In re Stat-Tech Int'l Corp*, 47 F.3d 1054, 1060 (10th Cir. 1995) (holding that generally, stockholders cannot maintain personal actions against a third party who harms the corporation).  The bankruptcy court's ruling was essentially one of futility—stating that appellant himself lacks the ability to challenge the Agreed Final Judgment.  If the Agreed Final Judgment cannot be disturbed, then disallowance of Claim #924-1 is mandatory.

Fourth:  For the same reasons the bankruptcy did not err in its standing ruling, it also did not err when it failed to stay the proceedings regarding Claim #924-1 to wait for litigation on the Agreed Final Judgment to commence.  Staying the proceeding serves no purpose because a challenge to the Agreed Final Judgment is futile if filed by appellant, and Brooke Holdings has given no indication that it has

or will challenge the Agreed Final Judgment. Appellant offered no valid basis for staying litigation relating to Claim #924-1.

Fifth: Appellant is also collaterally estopped from arguing that he may intervene in the adversary proceeding that resulted in the Agreed Final Judgment. In 2014, the bankruptcy court ruled that appellant could not intervene in the adversary proceeding. Appellant did not appeal that ruling, and it is a final ruling on the issue. Appellant is not entitled to continually re-raise issues that he has lost. The doctrine of collateral estoppel is designed to promote judicial economy and finality. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). These goals are undermined if the court (and the parties) must repeatedly sort through the record to determine which rulings serve as the law of the case.

## IV.   CONCLUSION

For all of the above-stated reasons, the court affirms the ruling of the bankruptcy court. A request for reconsideration of this order is not encouraged. If, however, either party believes that it is entitled to post-judgment relief under the relevant rules, and the party elects to file an appropriate motion, the court limits the length of such motion and memoranda in support to a total of 5 pages using 12-point font, double-spacing, and 1-inch margins. Any response and reply briefs are also limited to 5 pages apiece using the same formatting.

**IT IS THEREFORE ORDERED** that the decision of the bankruptcy court is affirmed.

Both cases are closed.

Dated this 27th day of March, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**